Marc E. Hankin (SBN 170505)
marc@hankinpatentlaw.com
Kevin Schraven (SBN: 259446)
kevin@hankinpatentlaw.com
HANKIN PATENT LAW, APC
6404 Wilshire Boulevard, Suite 1020
Los Angeles, CA 90048-5512
Tel: (323) 944-0206
Fax: (323) 944-0209

Attorneys for Defendant,
**JORDAN SAVAGE d/b/a BEST BUBBLE PARTIES**

Timothy J. Gorry (SB# 143797)
TGorry@EisnerLaw.com
Matthew E. Kavanaugh (SB# 239961)
MKavanaugh@EisnerLaw.com
**EISNER, KAHAN & GORRY**
9601 Wilshire Boulevard, Suite 700
Beverly Hills, CA 90210
Tel:  (310) 855-3200
Fax: (310) 855-3201

Attorneys for Plaintiff,
**BUBBLEMANIA AND COMPANY LA LLC**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BUBBLEMANIA AND COMPANY LA LLC, a Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>JORDAN SAVAGE d/b/a/ BEST BUBBLE PARTIES; and DOE 1 through and including DOE 10,<br><br>Defendants. | CASE No. CV-11-03930  R  (PLAx)<br><br>[Complaint Filed on 5/6/11]<br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL MATERIAL**<br><br>**NOTE CHANGES MADE BY THE COURT**<br><br>Assigned for all Purposes:<br>Judge Manuel L. Real<br><br>U.S. Magistrate Judge Paul L. Abrams |

**WHEREAS**, Plaintiff Bubblemania and Company LA LLC ("Plaintiff") and Defendant Jordan Savage d/b/a Best Bubble Parties ("Defendant") enter into this Stipulated Protective Order Re:  Discovery with reference to the following facts and representations:

**A.**     This is an action between business competitors.  Plaintiff sued Defendant for copyright infringement of a script entitled "Bubbles Galore."  The copyright is used in connection with performing the script for profit at private parties and other gatherings.

**B.**     Plaintiff contends that after Defendant was engaged to perform "Bubbles Galore" for Plaintiff, Defendant retained copies of and/or access to certain of Plaintiff's proprietary information and/or goods.  Plaintiff asserts that it has taken significant steps to protect its proprietary information, including, but not limited to its client lists, vendor information, sales information, notes, and financials.  Due to Plaintiff's belief that Defendant has previously taken and/or utilized proprietary information, as addressed in the pleadings, and due to its need to protect any proprietary information from being injected into the public and further damaging its business, Plaintiff believes it is necessary to ensure that confidential information exchanged by and between the parties during discovery remains confidential.

**C.**     The claims, defenses and damages arising from the allegation of copyright infringement may require the Parties to disclose their sales information, customer lists, and financial information concerning revenue, expenses, and other proprietary information.  The Parties deem such information to be trade secrets, proprietary, and confidential providing them with competitive advantage relative to each other and third parties offering arguably competing services.  The Parties have maintained such information as confidential and proprietary, carefully avoiding public disclosure.  The Parties wish to protect such confidential information from unnecessary disclosure that would likely have an adverse affect on their business.

       1.     Protection of confidential business information, plans and materials is common in litigation.  See e.g. Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc., 242 F.R.D. 552, 555 (C.D. Cal. 2007) ("Fed.R.Civ.P. 26(c)(7) … allows for protection of 'confidential commercial information'") (citing Vesta Corset Co., Inc.

1 v. Carmen Found., Inc., 1999 WL 13257, at *3 (S.D.N.Y. 1999) and Davis v. AT & T Corp., 1998 WL 912012, at *2 (W.D.N.Y. 1998)).  District courts have specifically protected employee training materials.  See Shimozono v. The May Department Stores Co., 2002 WL 34373490, *15 (C.D. Cal. 2002).  In addition, other proprietary business information may be safeguarded though a protective order.  See Miles v. Boeing Co., 154 F.R.D. 112, 114-15 (E.D. Pa. 1994) (entering protective order where information about defendant's competitive labor pricing, if made available to the general public, would allow competitors to examine defendant's production abilities); Sprinturf, Inc. v. Southwest Recreational Industries, Inc., 216 F.R.D. 320, 324 (E.D. Pa. 2003) (protecting information about defendant's market share, the impact of plaintiffs' requested relief on defendant's customers, and proprietary information regarding development of defendant's product line, the release of which competitors could exploit to undermine defendant's market position).

       2.     As these categories of documents are safeguarded by the Plaintiff due to the fact that this proprietary information gives it a competitive edge, the harm caused by their disclosure is evident.  These are the types of documents that Plaintiff's competitors would be all too happy to get their hands on.  Protection of these documents is essential to allow the Parties to continue to provide services and products to their customers.

       3.     <u>The Parties' Private Financial Information:</u>  Discovery Requests that the Parties have indicated will be required for full adjudication of this action include private financial information about the Parties.  Plaintiff and Defendant will also be asked to provide private financial information about themselves.  All Parties should be rightfully concerned about protecting private financial information, as the allegations demonstrate that the Parties may require substantial review of financial records of all Parties in order to determine a proper award of damages. This will

-2-
STIPULATED PROTECTIVE ORDER RE:  CONFIDENTIAL MATERIAL

likely include, but is not limited to bank statements, accounts payable records, accounts receivable records, tax records, personal books, and expense records.

4. These types of documents go well beyond the financially-related materials that would be produced in a typical business lawsuit, and the documents and information is proprietary in nature. As with business plans or internal procedures, these types of documents are kept private by the Parties. Courts have specifically allowed protection of these types of information in other matters. See Transcor, Inc. v. Furney Charters, Inc., 212 F.R.D. 588, 593 (D. Kan. 2003) (corporation's bank records subject to protective order). As with business plans, private financial information provides a roadmap for how the Parties run their businesses, and it is safeguarded by the Parties due to the fact that this proprietary information gives them a competitive edge. Again, these are the types of documents that the Parties' competitors would be all too happy to get their hands on, and the Parties would be harmed by their disclosure.

**IT IS HEREBY ORDERED** as follows:

1. This Protective Order shall apply only to the "Confidential Material" and "Confidential Material – Attorneys' Eyes-Only" as defined below, which are contained in documents and/or testimony that a Party discloses voluntarily or under Court Order.

2. "Confidential Material" shall mean and refer to information and material constituting or containing sales information, customer lists, tax returns, and proprietary financial information concerning revenue and expenses of the Parties.

3. "Confidential Material – Attorneys' Eyes-Only" shall mean and refer to any document, discovery response, or deposition testimony which that party considers in good faith to contain such **highly-confidential** information that it would be detrimental to that party to share such information with the other party, even under the conditions of "Confidential Material" designation pursuant to this

1 Agreement. As the parties to this litigation are direct competitors in the
2 marketplace, permitting one or more of the parties themselves to review certain
3 financial and business model information may give her/it an advantage to which
4 she/it is not entitled. (Confidential Material and Confidential Material – Attorneys'
5 Eyes-Only shall be jointly referred to as "Material designated as Confidential and/or
6 Attorneys' Eyes-Only".)

7     4. Any Confidential Material or any document or thing containing
8 Confidential Material that a Designating Party wishes to be made subject to this
9 Protective Order shall be marked or labeled as "CONFIDENTIAL MATERIAL" or
10 "CONFIDENTIAL MATERIAL – ATTORNEYS' EYES-ONLY" at the time that it
11 is produced or disclosed to the receiving party. Any CONFIDENTIAL
12 MATERIAL produced prior to this Order may be designated as such upon entry of
13 it. Any copy made of such Confidential Material shall likewise be marked or
14 labeled as "CONFIDENTIAL MATERIAL" or as the case may be,
15 "CONFIDENTIAL MATERIAL – ATTORNEYS' EYES-ONLY"

16     5. Whenever a Deposition involves the disclosure of Confidential
17 Material, the following procedure shall be implemented:

18     (a) At the request of the designating party, the Court Reporter
19 shall mark those pages as including Confidential Material and/or Attorneys' Eyes-
20 Only Confidential Material. Such request shall be made on the record whenever
21 possible, but any Party may designate portions of the Transcripts of Depositions as
22 containing Material designated as Confidential and/or Attorneys' Eyes-Only after
23 transcription, as in the case of any other document or thing, provided that written
24 notice of such designation is given to all other Parties within twenty-one (21) days
25 of receipt of the Transcript. Following such notice, the Parties shall confer as to the
26 most clear and convenient way to segregate the designated portion(s) of the
27 transcript. The Parties shall not disseminate any Deposition Transcript or copy
28

1  thereof beyond the persons identified in Paragraph 7 of this Protective Order for a
2  period of twenty-one (21) days after receipt in order to provide sufficient time for
3  notice of designation(s) of Confidential Material and/or Attorneys' Eyes-Only
4  Confidential Material.  Notwithstanding the foregoing, Deposition Transcripts or
5  portions thereof may, at any time, be filed under seal with the Court and used in
6  accordance with Paragraph 6 of this Protective Order.

7             (b)   The cover of any Deposition Transcript that contains
8  Material designated as Confidential and/or Attorneys' Eyes-Only shall be
9  prominently marked or labeled as "CONFIDENTIAL INFORMATION – SUBJECT
10 TO PROTECTIVE ORDER."  All portions of Deposition Transcripts designated as
11 Confidential Material shall be sealed and may be disseminated only to those persons
12 identified in this Protective Order.

13       6.    Whenever a filing with the Clerk of the Court and/or submission
14 to the Court involves the disclosure of Material designated as Confidential and/or
15 Attorneys' Eyes-Only, the Parties will follow the procedures provided in L.R. 79-5.
16 The application to file under seal must demonstrate good cause for the under seal.

17       7.    Material designated as Confidential and/or Attorneys' Eyes-Only
18 shall be maintained in confidence according to the terms of this Protective Order,
19 may be disclosed only as provided in Paragraphs 7 and 8, and shall be used only in
20 connection with the preparation, trial, and appeal of this action.

21       8.    Confidential Material may be disclosed to: (a) any current
22 employee of or independent contractor for the designating party which is reasonably
23 necessary for the purpose of litigating this matter and who was involved with the
24 matters to which the Confidential Material relates or refers; (b) any former
25 employee of the designating party who was involved with the matters to which the
26 Confidential Material relates or refers; (c) any person or entity who authored or
27 received the Confidential Material prior to its production or disclosure in this action;
28

1  (d) the Court, its personnel, and the jury in this action; (e) Counsel for the Parties,
2  including their necessary support personnel; (f) persons or entities providing
3  photocopying, imaging, or database services in connection with this action; (g)
4  Court Reporters and Videographers engaged for Depositions, inspections, and other
5  proceedings in this action; (h) persons or entities engaged by a Party or Counsel for
6  a Party to provide jury or trial consulting services, provided that, prior to receiving
7  Confidential Materials, such persons or entities execute an undertaking in the form
8  attached as EXHIBIT A, agreeing to be bound by the terms of this Protective Order;
9  (i) mock jurors or focus group members, provided that, prior to receiving
10 Confidential Materials, such persons execute an undertaking in the form attached as
11 EXHIBIT B, agreeing to be bound by the terms of this Protective Order; and (j)
12 persons or entities engaged by a Party or Counsel for a Party to prepare graphic or
13 visual aids, or demonstrative exhibits, provided that, prior to receiving Confidential
14 Materials, such persons or entities execute an undertaking in the form attached as
15 EXHIBIT A, agreeing to be bound by the terms of this Protective Order.

16        9.    "Confidential Material - Attorneys' Eyes-Only" may be
17 disclosed only to: (a) any person or entity who authored or received the Confidential
18 Material prior to its production or disclosure in this action; (b) the Court, its
19 personnel, and the jury in this action; (c) Counsel for the Parties, including their
20 necessary support personnel; (d) persons or entities providing photocopying,
21 imaging, or database services in connection with this action (other than a party); (e)
22 Court Reporters and Videographers engaged for Depositions, inspections, and other
23 proceedings in this action; (f) persons or entities engaged by a Party or Counsel for a
24 Party to provide jury or trial consulting services, provided that, prior to receiving
25 materials, such persons or entities execute an undertaking in the form attached as
26 EXHIBIT A, agreeing to be bound by the terms of this Protective Order; (g) mock
27 jurors or focus group members, provided that, prior to receiving materials, such
28

persons execute an undertaking in the form attached as EXHIBIT B, agreeing to be bound by the terms of this Protective Order; and (h) persons or entities engaged by a Party or Counsel for a Party to prepare graphic or visual aids, or demonstrative exhibits, provided that, prior to receiving materials, such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Protective Order.

In addition to those persons identified in Paragraph 8 and 9, and subject to the following conditions, Material designated as Confidential and/or Attorneys' Eyes-Only may be disclosed to experts and other non-party consultants assisting Counsel with preparation, trial, or appeal of this action. Before any disclosure of Confidential Material and/or Attorneys' Eyes-Only Confidential Material of another Party is made to any expert or non-party consultant pursuant to this provision of the Protective Order, such expert or non-party consultant shall be furnished with a copy of this Protective Order and shall execute a written statement, under oath, in the form attached hereto as EXHIBIT A, acknowledging that the expert or non-party consultant is familiar with the provisions of this Protective Order and agrees to be bound by them. Expert Witnesses and/or consultants shall only be provided access to Materials designated at Confidential and/or Attorneys' Eyes-Only to the extent reasonably necessary to carry out the purpose for which they were retained. Each written statement to maintain the confidence of designated documents, which is executed in accordance with this Agreement shall be retained by Counsel for the Party engaging the expert or non-party consultant for ninety (90) days after the later of: (a) Settlement and Dismissal of the case; (b) Entry of Final Judgment; or (c) the exhaustion of all appeals in this action.

10. The restrictions and limitations set forth in this Protective Order shall not apply to any of the following:

(a) any information or material that is available to the public

at the time of the production or disclosure by the designating party;

(b)     any information or material that, after disclosure, becomes available to the public through no act, or failure to act, by or on behalf of the receiving party, its Counsel, or its expert(s) or other non-party consultant(s);

(c)     any information or material that the receiving party, its Counsel, or its expert(s) or consultant(s) can demonstrate: (i) was already known to the receiving party from legitimate sources and was not otherwise agreed to be maintained as confidential; (ii) was independently developed or derived by the receiving party; (iii) was obtained from the producing party without having been designated as Material subject to this Protective Order; or (iv) was produced by a Party in this action, or by a third party, without being designated as Material designated as Confidential and/or Attorneys' Eyes-Only, provided the Party or third party so producing such information or material had the right to do so.

11.     In the event of any dispute with respect to the designation of information, including testimony and documents, as Confidential Material and/or Attorneys' Eyes Only, the Parties shall attempt to resolve the dispute by good faith negotiation. If such negotiations fail to resolve the dispute, any Party wishing to challenge the designation may file a motion for an appropriate order. Any motion must comply with Local Rule 37. The information shall be treated as Material correctly designated as Confidential and/or Attorneys' Eyes-Only as the case may be, until the issue is resolved by the Court or by agreement of the Parties. If the Court determines that a designation was improper, the party bringing a motion challenging the designation shall be entitled to recover from the designating party its reasonable attorneys' fees related to such motion.

12.     No Party shall be obligated to challenge a designation of information as Material designated as Confidential and/or Attorneys' Eyes-Only within any period of time, and a failure to do so shall not preclude a subsequent

challenge to such designation. The burden of proof with respect to a designation of Confidential Material and/or Confidential Material - Attorneys' Eyes-Only shall rest on the designating party, except that the burden of proving any exception set forth in this Protective Order shall rest on the Party asserting the exception.

13. If a Party inadvertently discloses any document or thing containing information that it deems Material designated as Confidential and/or Attorneys' Eyes-Only without designating it as such, the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing, and the receiving party shall thereafter treat the information as Material designated as Confidential and/or Attorneys' Eyes-Only, as the case may be, under this Order. To the extent such information may have been disclosed to persons other than persons authorized to receive the designated Material in this Protective Order, the receiving party shall make reasonable efforts to retrieve the information promptly from such persons and to avoid any further disclosure to non-authorized persons.

14. Within ninety (90) days after the later of: (a) Settlement and Dismissal of the case; (b) Entry of Final Judgment; or (c) the exhaustion of all appeals in this action, each Party shall return or destroy all Material designated as Confidential and/or Attorneys' Eyes-Only, and all copies thereof, and shall destroy all documents and things containing information based on Material designated as Confidential and/or Attorneys' Eyes-Only, with confirmation from the receiving party that the Material was destroyed, except that Counsel for each Party may retain one archival copy of each document and thing designated by any other Party as Confidential Material, and one archival copy of each document and thing containing information based on Confidential Material, for record purposes only for two (2) years, at which time each such document must be destroyed.

15. If any Party or person subject to this Protective Order and having

possession, custody, or control of any Material designated as Confidential and/or Attorneys' Eyes-Only receives from a non-party a *subpoena* or other process to produce such information, such information shall not be produced without prior written consent from the designating party, or unless and until ordered to do so by a court of competent jurisdiction.  In addition:

    (a)    The Party or person receiving the *subpoena* or other process shall promptly notify Counsel of Record for the designating party of the demand for production of the information, and contemporaneously shall provide a copy of the *subpoena* or other process;

    (b)    The Party or person receiving the *subpoena* or other process shall make an appropriate objection to production of the Material designated as Confidential and/or Attorneys' Eyes-Only on grounds that production is precluded by this Protective Order; and

    (c)    At its sole discretion and expense, the designating party may move against the *subpoena* or other process, or may otherwise oppose entry of an order by a court of competent jurisdiction compelling production of such Material.  If the designating party fails to move against the *subpoena* or other process within ten (10) days after receiving notice of the *subpoena* or other process in accordance with Paragraph 14(a) of this Protective Order, then the Party or person receiving the *subpoena* or other process may produce the information without violating this Protective Order.

    16.    Unless otherwise agreed to in writing by the Parties or ordered by the court, all proceedings involving or relating to any Confidential Material shall be subject to the provisions of this Protective Order.  Nothing in this Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery materials, or relief from this Protective Order with

respect to particular materials designated hereunder.

17. This Protective Order shall not be construed to prevent any Party or third party from applying to the Court for relief therefrom, from applying to the Court for further or additional protective orders, or from agreeing among themselves to modification of this Protective Order, subject to the approval of the Court.

18. This Protective Order shall not prevent a Party from using its own Material designated as Confidential and/or Attorneys' Eyes-Only in any manner it deems appropriate.

19. This Protective Order shall not bar any attorney herein in the course of rendering advice to a client with respect to this action from conveying to the client his or her evaluation, in a general way, of Material designated as Confidential and/or Attorneys' Eyes-Only, produced or exchanged herein. In rendering such advice, and otherwise communicating with his or her client, the attorney shall not disclose the specific contents of any Material designated as Confidential and/or Attorneys' Eyes-Only, which is produced by another Party or non-party, unless such disclosure of the specific contents of the information is authorized under the terms of this Protective Order.

20. Each of the Parties to this action, and its Counsel of record and other legal representatives, agrees to abide by and be bound by the provisions of this Protective Order, and to use due care to see that its provisions are known by, and adhered to, by its support staff and others under its supervision or control.

//
//
//
//

**1**     21.     The Court retains the right to modify this Protective Order at any
**2** time in the interest of justice.

**3**     **IT IS SO ORDERED** this   27th   day of December, 2011.
**4**

**5**                              /s/ Paul L. Abrams
**6**                              The Honorable Paul L. Abrams
                                United States Magistrate Judge
**7**

**8**

**9**

**10**

**11**

**12**

**13**

**14**

**15**

**16**

**17**

**18**

**19**

**20**

**21**

**22**

**23**

**24**

**25**

**26**

**27**

**28**

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BUBBLEMANIA AND COMPANY LA LLC, a Limited Liability Company,<br><br>       Plaintiff,<br><br>    vs.<br><br>JORDAN SAVAGE d/b/a/ BEST BUBBLE PARTIES; and DOE 1 through and including DOE 10,<br><br>       Defendant. | Case No.  CV-11-03930  R  (PLAx)<br><br>**STIPULATED PROTECTIVE ORDER** |

**AGREEMENT OF [*NAME*] TO PROTECT CONFIDENTIAL MATERIAL**

[INSERT NAME], being duly sworn, deposes and states:

1.   I have been requested by Counsel for [INSERT PARTY NAME] to assist Counsel with certain matters in connection with this action, and have been informed that this may require that I review documents and information that have been designated as Confidential Material subject to protection under the terms of the Stipulated Protective Order entered by the Court in this lawsuit.

2.   I have read and understand the Stipulated Protective Order entered by the Court in this lawsuit on [DATE], and I agree to abide by the terms of that Order. I agree that I will not disclose and documents or information designated as Confidential Material in violation of the terms of the Stipulated Protective Order, and will not use any such Confidential Material except in connection with my work in this action.

3.   I agree to submit to the jurisdiction of the United States District Court for the District of Central California for enforcement of the undertakings I have made here, and I appoint [INSERT COUNSEL OF RECORD] as my agent to accept service of process in that regard.

_____
[INSERT NAME]

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BUBBLEMANIA AND COMPANY LA LLC, a Limited Liability Company,<br><br>　　　Plaintiff,<br><br>　vs.<br><br>JORDAN SAVAGE d/b/a/ BEST BUBBLE PARTIES; and DOE 1 through and including DOE 10,<br><br>　　　Defendant. | Case No.  CV-11-03930  R  (PLAx)<br><br>**STIPULATED PROTECTIVE ORDER** |

## AGREEMENT TO PROTECT CONFIDENTIAL MATERIAL

1.　This Agreement is made between [INSERT NAME OF COUNSEL or CONSULTANT] and _____ (NAME OF PARTICIPANT), residing at _____ (ADDRESS OF PARTICIPANT).

2.　I understand that, in connection with the research project in which I am participating today, I may receive information that is confidential, and that I may not share or disclose that information with anyone (including members of my family) outside of this research group.

3.　I agree not to disclose any information I learn here today to anyone outside of this research group, or to use such information in any way outside of my participation in this research project today.

4.　I agree that, at the end of the research project today, I will not keep or take with me any documents or other materials shown to me, or any notes or other records I may make about those documents or other materials shown to me today.

　　　　　　　　　　　　　　　　　　Signed:　_____
　　　　　　　　　　　　　　　　　　Dated:　_____

-14-
STIPULATED PROTECTIVE ORDER RE:  CONFIDENTIAL MATERIAL